UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERVAT ABDO, | CASE NO. C24-1950JLR |
| Plaintiff, | ORDER |
| v. | |
| SOCIETE AIR FRANCE, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court is Defendant Societe Air France's ("Air France") motion to dismiss Plaintiff Mervat Abdo's complaint pursuant to the doctrine of *forum non conveniens*. (MTD (Dkt. # 21); Reply (Dkt. # 30).) Ms. Abdo opposes Air France's motion. (Resp. (Dkt. # 24).) The court has considered the parties' submissions, the

ORDER - 1

relevant portions of the record, and the applicable law.  Being fully advised,[1] the court GRANTS Air France's motion.

## II. BACKGROUND

This case arises from an incident that took place on or around February 24, 2024, at the Charles de Gaulle Airport ("CDG") in Paris, France, in which Ms. Abdo, an Egyptian citizen, was allegedly denied wheelchair assistance while transferring between Air France flights and fell while making the transfer unassisted (the "incident").  (*See* Compl. (Dkt. # 1) ¶¶ 11, 13, 15-17; *see also* Korapaty Decl. (Dkt. # 22) ¶ 6, Ex. B (setting forth that Ms. Abdo confirmed her Egyptian citizenship in a police statement).)  Ms. Abdo alleges she sustained "significant bodily injury" as a result of the fall.  (*See* Compl. ¶ 18-19 (describing the extent of her injuries and subsequent emergency medical treatment).)

On November 26, 2024, Ms. Abdo filed the instant complaint against Air France for damages under Article 1(1) of the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention") and for negligence.  (*Id.* ¶¶ 25-41.)  Ms. Abdo seeks compensatory damages and costs.  (*See id.* at 8.)

On October 3, 2025, Air France filed the instant motion to dismiss asserting that "pursuant to the doctrine of *forum non conveniens*" the court should dismiss all of Ms. Abdo's claims "because France is a more convenient forum for this litigation[.]"  (MTD

---

[1] Ms. Abdo requests oral argument and Air France does not.  (*See* Resp. at 1; MTD at 1.)  The court concludes that oral argument would not assist it with disposition of Air France's motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

at 1.)  In the alternative, Air France argues, the court should dismiss the action because Ms. Abdo failed to name Groupe ADP f/k/a Aéroports de Paris ("ADP") or its subcontractor GIMAP, the "two French entities with sole responsibility for passengers requiring wheelchair assistance" and, thus, a "necessary and indispensable party to this litigation under [Federal Rule of Civil Procedure 19]."  (*Id*. at 1.)

## III.  ANALYSIS

The court first sets forth the legal standard governing motions to dismiss of this nature and then addresses the merits of Air France's motion.

### A.  Legal Standard

"Federal district courts have discretion to dismiss an action under the doctrine of *forum non conveniens*."  *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 948 (9th Cir. 2017) (citation omitted).  "Dismissal is appropriate only if the defendant establishes (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal."  *Id*. (quotation marks and citation omitted).  "[A] plaintiff is generally entitled to deference in its choice of forum, especially if the plaintiff is a U.S. citizen or resident[.]"  *Id*. at 949-50.

The private interest factors are:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id*.  at 950 (quotation marks and citation omitted).

The public interest factors are:

(1) [the] local interest of [the] lawsuit; (2) the court's familiarity with governing law; (3) [the] burden on local courts and juries; (4) [the amount of] congestion in the court; and (5) the costs of resolving a dispute unrelated to [the] forum."

*Id*. (quotation marks and citation omitted, alterations in original).

**B.    The court grants Air France's motion to dismiss.**

Air France argues that the court should dismiss Ms. Abdo's complaint because "France provides an adequate and available alternative forum[,]" and the public and private factors "weigh heavily in favor of dismissal to France." (MTD at 5.) Ms. Abdo argues that the court should deny Air France's motion because the Montreal Convention precludes dismissal under the doctrine of *forum non conveniens* and because the public and private factors weigh against dismissal. (*See generally* Resp.) The court concludes that dismissal pursuant to *forum non conveniens* is warranted in this case.

    1.    The Montreal Convention does not preclude dismissal.

As an initial matter, the parties dispute whether the Montreal Convention prohibits the court from dismissing the case. (*See id*. at 4-10; *see also* Reply at 2-4.) According to Ms. Abdo, the Ninth Circuit's *Hosaka* decision that the Warsaw Convention did not recognize the doctrine of *forum non conveniens* should bind this court with respect to the Montreal Convention because the operative language of the two Conventions is "virtually identical[.]" (*See* Resp. at 5-10 (citing *Hosaka v. United Airlines, Inc.*, 305 F.3d 989 (9th Cir. 2002).) Air France contends that Article 33(4) of the Montreal Convention expressly permits courts to "apply its own procedural rules, which, as a matter of U.S. law, includes

ORDER - 4

the doctrine of [*forum non conveniens*]." (Reply at 3.) The court agrees with Air France. To illustrate this point, the Eleventh Circuit found "no ambiguity or limitation in the express language of Article 33(4), which states in no uncertain terms that questions of procedure – which can only reasonably be read to include *all* questions of procedure – are governed by the rules of the forum state." *Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052, 1058 (11th Cir. 2009) (emphasis in original). To the extent that Ms. Abdo argues that the French high court's decision in *In re W. Caribbean Airways* is binding on this court, the court also rejects that assertion. (*See* Resp. at 9-10 (referencing *In re W. Caribbean Airways*, No. 06-cv-22748, 2012 WL 1884684, *8 (S.D. Fla. May 16, 2012), aff'd sub nom. *Galbert v. W. Caribbean Airways*, 715 F.3d 1290 (11th Cir. 2013) (holding that "[w]here a *forum non conveniens* dismissal is concerned, American courts do not blindly accept the jurisdictional rulings or laws of foreign jurisdictions that purport to render their *forum* unavailable") (emphasis in original)).). Thus, the court concludes, as an initial matter, that *forum non conveniens* is available to Air France.

2. France is an adequate and available alternative forum.

Second, Air France argues that the court should grant its motion to dismiss because (1) France is an adequate and available alternative forum (*see* MTD at 6-7), and (2) the private and public interest factors favor such an outcome (*see id*. at 7-13). As to the first prong, Ms. Abdo does not dispute that France is an adequate and available alternative forum. (*See generally* Resp.) Therefore, the court concludes that France is an adequate and available alternative forum.

ORDER - 5

### 3. The private interest factors favor dismissal.

Third, Air France argues that the private factors heavily favor dismissal because (1) Ms. Abdo is not entitled to deference on her choice of forum because she is not a citizen or legal permanent resident of the United States; (2) evidence of the incident is more readily available in France; (3) Air France cannot compel attendance of unwilling witnesses in the United States; and (4) practical problems, such as the cost of travel and burden of translation and interpretation, will be fewer if the case is litigated in France. (*See* MTD at 7-12.) In response, Ms. Abdo argues that (1) she would be "significantly" prejudiced by dismissal because of her medical issues and travel restrictions associated with her pending immigration case in the United States; (2) Air France has made no actual showing of lack of accessibility to evidence; (3) compulsory process and cost of obtaining evidence is an issue for both parties; (4) a "photo-realistic recreation" of the site of the accident would suffice; and (5) Air France would not be jointly liable for ADP's share of any damages and thus is not prejudiced if ADP is not joined as a party. (*See* Resp. at 13-16.) The court agrees with Air France that the private interest factors favor dismissal of this action.

The residence of the parties and witnesses, as determined by their status at the time of the incident, favors dismissal. Ms. Abdo does not dispute Air France's assertion that the majority of the witnesses for this matter are located in France. (*See* MTD at 9; *see generally* Resp.; *see also id*. at 12 (setting forth that the only witness that Ms. Abdo intends to call that is not located in France is her sister who lives in the United States).) Thus, the court concludes that this factor favors dismissal.

The forum's convenience to the litigants does not favor dismissal, but, because Ms. Abdo is neither a citizen nor a permanent resident of the United States, her choice of forum is afforded little deference under the law. (*See id*. at 2 (explaining that, post-incident, Ms. Abdo applied to become a legal permanent resident of the United States and is currently in the United States for assistance with her recovery post-surgery)); *see, e.g., Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 n23 (1981) (distinguishing between the balance of convenience between U.S. citizens and foreign litigants). Air France, however, is a French corporation with its principal place of business in France. (*See* Answer (Dkt. # 15) ¶ 4.) The court recognizes that, due to Ms. Abdo's ongoing medical issues, travel to France would be difficult. (*See* Resp. at 12.) Thus, the court concludes that this factor neither favors nor disfavors dismissal.

Accessibility to physical evidence and other sources of proof favors dismissal. Ms. Abdo does not dispute that a large portion of the relevant physical evidence is located in France. (*See* MTD at 9; *see generally* Resp.) Rather, Ms. Abdo argues that Air France is well-resourced, experienced in litigating this issue, and "has made no actual showing of lack of accessibility to evidence." (*See* Resp. at 13-15.) Ms. Abdo also contends, despite receiving all incident-related emergency medical treatment and follow-up surgeries either in France or Egypt, that "the vast majority of the medical evidence resides in the United States." (*Id*. at 14; *see also* Compl. ¶¶ 19-21 (describing incident-related emergency medical treatment in France and follow up treatment in Egypt).) The court is unpersuaded. Given that relatively little evidence is located in the United States, this factor favors dismissal.

ORDER - 7

1    The ability of the parties to compel unwilling witnesses to testify before this court
2 also favors dismissal.  Ms. Abdo does not dispute Air France's assertion that it is unable
3 to compel unwilling witnesses that are based in France to appear in this court, and that it
4 would be prejudiced.  (*See* MTD at 9-11; *see generally* Resp.)  Rather, Ms. Abdo argues
5 only that such argument is "hypothetical" because Air France has not identified specific
6 witnesses who would be unwilling to testify in this action.  (*See* Resp. at 15-16.)  Ms.
7 Abdo also does not dispute Air France's assertion that ADP and its subcontractor are
8 liable for the incident and could not be joined here.  (*See generally* id.)  Rather, Ms. Abdo
9 asserts only that these facts do not favor dismissal because, if ADP is not joined as a
10 party, under Washington law, "Air France would not be jointly liable for their share of
11 damages."  (*Id*. at 16.)  The court is unpersuaded.  Given the location of the majority of
12 witnesses and the risk of prejudice to Air France, the court concludes that this factor
13 favors dismissal.  *See Eldeeb as Tr. for Eldeeb v. Delta Air Lines*, *Inc.*, No. 18-CV-1128,
14 2018 WL 6435739, at *3 (D. Minn. Dec. 7, 2018) (dismissing an action for *forum non*
15 *conveniens* where a plaintiff flew on Air France, sustained injuries at CDG allegedly due
16 to the conduct of ADP and another third party, "neither of which are likely within the
17 jurisdiction or subpoena power [of the court].").
18    Finally, the court's consideration of "other practical problems" favors dismissal.
19 Air France argues that because the French witnesses will likely need interpretation
20 services; many documents will need to be translated; and because Ms. Abdo does not
21 speak English, coupled with the cost of travel, the court should dismiss the case.  (*See*
22 MTD at 11-12.)  Ms. Abdo confirms her need for interpretation services and argues that,

in the event of dismissal, she will be burdened with the cost of translating medical records and other evidence. (*See* Resp. at 15-16.) While it is true that both parties will incur costs of litigation in either venue, including costs for translation and interpretation, the court agrees with Air France that, given the majority of witnesses are in France, and Ms. Abdo received medical care in France and is suing French entities, the costs will be less if the case is dismissed. Thus, the court agrees that this factor favors dismissal.

Consequently, because all of these factors either favor or do not disfavor dismissal, the court concludes that the private interest factors favor dismissal.

    4.   <u>The public interest factors favor dismissal.</u>

Additionally, Air France argues that the public interest factors favor dismissal. Air France asserts that the court should dismiss Ms. Abdo's complaint because France's interest exceeds any interest of the United States, and because the administrative burdens and choice of law issues support such an outcome. (*See* MTD at 12-13.) Ms. Abdo argues that the public interest factors do not favor dismissal because (1) "no venue . . . would be without difficulties[;]" (2) there is no local interest in having this case decided in France; (3) there is no conflict of law analysis to apply; and (4) this case is best decided by a jury drawn from western Washington. (Resp. at 16-18.) The court concludes that the public interest factors favor dismissal.

The local interest of the lawsuit favors dismissal. Air France argues that the "action is immutably French" because "it stems from alleged negligence of French employees of a French airport authority and its French subcontractor in France in connection with a flight operated by a French airline." (MTD at 5; *see also* Correia Decl.

1  (Dkt. # 23) ¶¶ 17-18.)  The court agrees with Air France.  Indeed, in similar cases
2  involving wheelchair accidents at CDG and involving the same parties, sister courts have
3  held that "France has a greater connection to and investment in the case," because "all of
4  the material facts occurred in France[,] and the responsible entities are based in France."
5  *Eldeeb as Tr. for Eldeeb*, 2018 WL 6435739, at *3.  Thus, the court concludes that local
6  interest of the lawsuit favors dismissal.

7        The court's familiarity with the governing law also favors dismissal.  The parties
8  dispute whether, if the court denies Air France's motion, the court will need to conduct a
9  complex choice of law analysis.  (*See* MTD at 12-13; Resp. at 17 ("[T]here is no risk of
10  [the court] needing to apply foreign law.").)  Air France, however, presents evidence that,
11  at the very least, the court will need to interpret Parliament and Council Regulation (EC)
12  No. 1107/2006, which protects the rights of disabled persons and persons with reduced
13  mobility when traveling by air.  (MTD at 13; *see* Correia Decl. ¶ 13; *see also id.* ¶ 13, Ex.
14  A "Regulation (EC) 1107/2006" (setting forth the EU law).)  Thus, the court concludes
15  that the governing law favors dismissal.

16        Furthermore, the administrative burden favors dismissal.  Ms. Abdo argues that
17  administrative burdens are present in both venues, such as the need for translation and
18  interpretation, and that if the jury were drawn locally in western Washington, "local
19  jurors [would be] deciding a damages case of one of their own."  (Resp. at 18.)  The court
20  rejects this characterization of Ms. Abdo's ties to Washington.  Ms. Abdo was not a
21  resident of Washington at the time of the incident and is not a permanent resident now.
22  (*See* Korapaty Decl ¶ 6 (setting forth that Ms. Abdo confirmed her Egyptian citizenship

in a police statement); Resp. at 2 (affirming that Ms. Abdo has applied for legal permanent residence status but is only considered a visitor to the United States at this time).) Furthermore, as established previously, the majority of the evidence and witnesses are in France and, consequently, the administrative burden is reduced if the case is dismissed. (*See e.g.*, MTD at 9.) Thus, the court concludes that this factor also favors dismissal.

Consequently, because all of these factors favor dismissal, the court concludes that the public interest factors favor dismissal. Therefore, the court grants Air France's motion to dismiss. Because the court dismisses the case for *forum non conveniens*, it declines to address Air France's arguments pertaining to Ms. Abdo's failure to name ADP as a party or Air France's petition to stay discovery while the motion is pending.

### IV.   CONCLUSION

Therefore, for reason of the foregoing, the court GRANTS Air France's motion to dismiss (dkt. # 21). The court DISMISSES the case without prejudice.

Dated this 23rd day of December, 2025.

_____
JAMES L. ROBART
United States District Judge